**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD J. BYLSMA, *Plaintiff-Appellant*, <br><br> v. <br><br> BURGER KING CORPORATION, a Florida corporation; KAIZEN RESTAURANTS, INC., an Oregon corporation, *Defendants-Appellees*. | No. 10-36125 <br><br> D.C. No. 3:10-cv-00403-PK <br><br><br> OPINION |

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, Senior District Judge, Presiding

Argued December 7, 2011
Withdrawn Pending Certification to
Washington Supreme Court January 11, 2012
Submitted February 12, 2013
Seattle, Washington

Filed February 12, 2013

Before: M. Margaret McKeown and Richard C. Tallman,
Circuit Judges, and Barry T. Moskowitz, District Judge.[*]

Opinion by Judge Tallman

## SUMMARY[**]

### Washington Law

The panel reversed the district court's judgment dismissing a diversity action raising an issue of Washington state law.

Following the panel's certification of a question of Washington state law, the Supreme Court of Washington held that the Washington Product Liability Act permits relief for emotional distress damages, in the absence of physical injury, caused to the direct purchaser by being served and touching, but not consuming, a contaminated food product, but only if the emotional distress is a reasonable reaction and manifest by objective symptomatology. In light of the Washington Supreme Court's decision, the panel concluded that the plaintiff must be given another opportunity to amend his complaint, and remanded to the district court to determine whether the plaintiff after amendment has pled the necessary facts to support his emotional damages claim.

---

[*] The Honorable Barry T. Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Danford Duncan Grant & Darrin E. Bailey, Bailey Onsager, P.C., Seattle, Washington; Anne M. Bremner & James Taylor Yand, Stafford Frey Cooper, Seattle, Washington, for Plaintiff-Appellant.

Gary M. Bullock, Gary M. Bullock and Associates, P.C., Portland, Oregon; Barry Goehler, Law Office of Barry J. Goehler, Portland, Oregon, for Defendants-Appellees.

**OPINION**

TALLMAN, Circuit Judge:

Plaintiff-Appellant Edward J. Bylsma appealed from a final judgment on the pleadings dismissing his diversity action against Defendants-Appellees Burger King Corp. and Kaizen Restaurants, Inc. (together, "Burger King"). Bylsma's complaint stemmed from a March 24, 2009, encounter during which two employees of a Burger King restaurant in Vancouver, Washington, served Bylsma a hamburger tainted with a glob of saliva later traced by DNA back to one of them. Bylsma asserted claims for product liability, negligence, and vicarious liability.

The district court dismissed, holding that the Washington Product Liability Act ("WPLA") does not permit relief for emotional distress damages, in the absence of physical injury to the plaintiff purchaser, caused by being served and touching, but not consuming, a contaminated food product. On appeal, we certified to the Washington Supreme Court this dispositive and unsettled question of Washington state

law. The Washington Supreme Court has now held that the WPLA permits relief in such circumstances, therefore we REVERSE and REMAND to permit Bylsma to amend his Complaint to conform to Washington law.

## I

The facts as alleged by Bylsma are summarized in our Order Certifying the Question to the Supreme Court of Washington, 676 F.3d 779, 780–81 (9th Cir. 2012), and we need not repeat them here. Bylsma did not challenge the district court's conclusion that Washington law applied and that his only potential claim arose under the WPLA. Thus, the only question before us on appeal was whether, absent physical injury, the WPLA nonetheless allows for recovery on Bylsma's emotional damages claim. Believing the issue to be unsettled under state law, we certified the following question: "Does the Washington Product Liability Act permit relief for emotional distress damages, in the absence of physical injury, caused to the direct purchaser by being served and touching, but not consuming, a contaminated food product?" On January 31, 2013, the Washington Supreme Court answered in the affirmative, holding that the WPLA permits relief in such circumstances, but only if the emotional distress is a reasonable reaction and manifest by objective symptomatology. *Bylsma v. Burger King Corp.*, __P.3d__, 2013 WL 363519 (Wash. Jan. 31, 2013).

## II

In light of the Washington Supreme Court's decision, we conclude that Bylsma must now be given another opportunity to amend his Complaint. Accordingly, we **REVERSE** and **REMAND** to allow the district court, in the first instance, to

determine whether Bylsma, after amendment, has pled the necessary facts to support his emotional damages claim under the WPLA as now interpreted.

Costs are awarded to Bylsma.